UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**TREMEL JEROME SMITH**                                                            **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:14CV-P151-GNS**

**BRAD BOYD, JAILER** *et al.*                                         **DEFENDANTS**

## MEMORANDUM OPINION

By Memorandum and Order entered May 1, 2015, the Court conducted its initial review of Plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A; allowed several claims to proceed; and, before directing service on Defendants, ordered Plaintiff to file fully completed summons forms for each Defendant (DN 12). The Court warned Plaintiff that his failure to comply within 30 days from the Order's entry date may result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. On May 11, 2015, the U.S. Postal Service returned Plaintiff's copy of the Memorandum and Order to the Court with the returned envelope marked "Return to Sender" and "Unable to Forward" (DN 13).

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date: June 30, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
4416.005

2